IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS JOSE ESTRADA, <br> #63961-509, <br>     Petitioner, <br> v. <br> R.D. KEYES, <br>     Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> )     CASE NO. 2:24-cv-469-RAH-JTA <br> )           (WO) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Carlos Jose Estrada, an inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. No. 1.) Thereafter, Respondent filed a Response, which indicates that Estrada failed to exhaust his mandatory administrative remedies prior to filing the Petition. (Doc. No. 10.) Specifically, Respondent demonstrates that Estrada failed to follow the Bureau of Prison's administrative remedy procedures set forth in 28 C.F.R. §§ 542.10–542.19 (2014) because he failed to make a formal administrative remedy request of any kind.[1] (*Id*. at 10–11.) Accordingly, on November 14, 2024, the Court issued an Order requiring Estrada to file a response to Respondent's arguments that the § 2241 Petition is due to be denied. (Doc. No. 12.) However, despite

---

[1] Although the Court makes no determination regarding exhaustion in this Recommendation, Estrada appears to agree that he did not follow these procedures, instead stating that he is "not required to seek administrative remedies prior to filing" his Petition because doing so would be futile. (Doc. No. 1 at 2.)

the Court's clear directive that Estrada must file a response on or before December 13, 2024 (*Id*. at 2), Estrada did not respond.

Because Estrada failed to comply with the Court's Order, this case is due to be dismissed for failure to prosecute and comply with an Order of the Court. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order . . . generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Estrada wholly failed to respond to Respondent's arguments despite the Court's clear directive, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED for failure to prosecute and comply with an Order of the Court.

It is further ORDERED that, by **April 8, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of March, 2025.

                                                                                                    JERUSHA T. ADAMS
                                                                                                    UNITED STATES MAGISTRATE JUDGE